IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE WHITE, <br><br> Petitioner, <br><br> vs. <br><br> D. K. SISTO, Warden, <br><br> Respondent. | No. C 08-2002 TEH (PR) <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND, GRANTING MOTION AND INSTRUCTIONS TO THE CLERK** <br><br> (Docket No. 3) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at California State Prison-Solano in Vacaville, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 apparently challenging the constitutional validity of his state conviction. Petitioner has also filed a motion seeking leave to proceed in forma pauperis (docket no. 3), which is now GRANTED. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

Petitioner is apparently attempting to file a habeas petition, alleging ineffective assistance of counsel on a case where he contends he pled unknowingly to a 30 years-to-life sentence in state prison, by signing an empty plea form about which the terms of his attorney mislead him. Petitioner filed his habeas petition in this Court on April 17, 2008. However, because Petitioner has only provided the Court with a two page hand-written

document and has not filled out the Court's form habeas petition, he has failed to file his petition with enough detail for the Court to determine whether an order to show cause should issue. As such, the petition is dismissed with leave to file an amended petition within thirty (30) days.

## DISCUSSION

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Habeas corpus petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." Calderon v. United States Dist. Court (Nicolaus), 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

II    Petitioner's Claim

The petition alleges that Petitioner suffered ineffective assistance of counsel. However, Petitioner has not completed the Court's form petition and has failed to

provide the Court with the basic information necessary to review the claims, all information which Petitioner can provide the Court by filling out a standard prisoner habeas form. Therefore, the Court now dismisses the petition. However, Petitioner will be provided with thirty (30) days in which to file an amended petition on the Court's prisoner habeas form.

## CONCLUSION

For the foregoing reasons and for good cause shown, this action is dismissed with leave to file an amended petition within **thirty (30) days** of the date of this order in which Petitioner presents only claims for violations of his rights under the laws, treaties, or Constitution of the United States. Each and every such claim must have been presented to the California Supreme Court before it may be asserted in a federal habeas action. The amended petition must contain the caption and civil case number used in this order and the words AMENDED PETITION on the first page. Failure to file an amended petition by the deadline will result in dismissal of this action. The Court Clerk is ordered to provide Petitioner with a copy of the Court's habeas petition form along with this order.

It is Petitioner's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with any orders of the Court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

SO ORDERED.

DATED: 10/8/08

THELTON E. HENDERSON
United States District Judge

3